## AMERICAN SALES BOOK COMPANY *v.* COWDREY.

### Opinion delivered October 16, 1911.

AGENCY—AUTHORITY OF SOLICITING AGENT TO MAKE COLLECTIONS.— Where an agent to solicit orders was given a blank contract by which he was authorized to collect all or part of the purchase price at the time he made the sale, and sold goods and collected a part of the purchase money, and subsequently collected the balance thereof, he will be held to have had implied authority to collect the entire purchase money, though a statement sent by the principal to the vendee contained the statement: "Pay no money to agents."

Appeal from Marion Circuit Court; · *George W. Reed,* Judge;  affirmed.

*W. F. Pace,* and *Troy Pace,* for appellant.

A traveling salesman who sells from samples and does not deliver the goods in person is not authorized to collect the purchase price thereafter in the name of the company.   46 Ark. 210.

*Jones & Seawel,* for appellee.

When the appellant at the inception of the contract received a part payment on the order through a collection by the agent, it thereby clothed the agent with apparent authority to make collection therefor, especially in view of the fact that the agent in making the contract was virtually to make delivery by setting up the outfit purchased, and show appellee how to run it.   Where an agency is proved without showing its extent, it is presumed to be general and not special.   48 Ark. 138; 89 Me. 459;  78 Me. 160;  93 Mich. 343;  61 N. Y. Supp. 115. The presumption is that one known to be an agent is acting within the scope of his authority.      78 Ark. 209, 212; 63 Ia. 340;  25 Ark. 221.   And that he has done his duty, until the contrary appears.   153 N. Y. 652.

HART, J.   This action was begun by the American Sales Book Company against J. A. Cowdrey before a justice of the

peace to recover $50 for a bill of goods.  Judgment was rendered in favor of defendant, Cowdrey, and the plaintiff appealed.  In the circuit court the case was tried by the court sitting as a jury, and the judgment was again in favor of defendant.  The plaintiff has appealed to this court.

The facts are as follows:  The plaintiff, American Sales Book Company, is a corporation engaged in business of selling recapitulators and their supplies in the State of New York, and the defendant, Cowdrey, is engaged in business at Yellville, Arkansas.  J. A. Scolf, a traveling salesman of the plaintiff, sold defendant a recapitulator, and the books and other supplies going with it.  He had a blank form of contract furnished him by the plaintiff to be signed by parties purchasing the goods from him.  The defendant signed the written contract, which was subsequently accepted by the plaintiff.  After describing the goods purchased and the price to be paid therefor as $60, the contract or order provides that it should be paid as follows: $10 cash with the order, the receipt whereof is hereby acknowledged; $_____, upon delivery, balance as follows: "Six equal payments," and also the following clause: "Terms five per cent. thirty days."  Both the above clauses are on the printed forms of the plaintiff except the figures inserted by the agent.

The order, or contract, also contains the following:  "Upon presentation, should there be any failure to pay such draft, or to execute the notes for deferred payments, it is agreed that the full amount of the purchase price shall at once become due and payable."  It was also agreed that the title to the recapitulator and supplies should remain in the vendor until the purchase price was paid.

When the agent took the order, it was agreed that he should come back and show the defendant how to run the recapitulator.  This he did  within the thirty days after taking the order.  While there, he asked the defendant if he could not make a further payment.  The defendant did so, and paid him the balance due less the discount of five per cent.

The plaintiff, before this, had sent to the defendant a statement of the account showing a credit of ten dollars paid the agent when the order was taken.  The statement contained the following:  "Pay no money to agents."

It is contended by counsel for the plaintiff that its agent was merely a traveling salesman without possession of the goods he was authorized to sell, and as such, he did not have the authority to collect the balance due.

In the case of *Meyer* v. *Stone*, 46 Ark. 210, the court held (quoting from syllabus): "The rule that the authority of an agent to sell goods imports the authority to receive the proceeds of the sale is limited to cases where there are circumstances or appearances which give color to the belief in the purchaser that the authority exists."

It is contended by counsel for plaintiff that, under the principles of law declared in that case, the defendant is precluded from setting up as a defense to this action his payment of the balance of the purchase price to the plaintiff's agent. We do not think so. Here an agent was not only employed to negotiate sales, but was given a blank form of contract by which he was authorized to collect all or a part of the purchase price at the time he made the sale. The agent promised at the time the order was given to come back and show the defendant how to run the recapitulator. The blank form of contract furnished the agent by the plaintiff made it optional with the agent to collect all or a part of the purchase price at the time he took the order. Hence it may be said, under the facts and circumstances in this case, he had not only express authority to travel and solicit orders, but the implied authority to collect the purchase price for the principal. It cannot be said that the clause: "Pay no money to agents," printed on the statement of the account sent to defendant was notice or direction to him not to pay its agent, Scolf. The plaintiff was a corporation, and, as such, could only transact its business through agents. Hence the words could mean no more than to pay no money to agents not authorized to receive it.

If Scolf had authority to collect in the first instance, his authority continued at least until he had done all that was required of him in connection with the sale. He promised to come back, and show the defendant how to run the recapitulator, and did so. That he had authority to do this is not denied by the plaintiff. We hold that under all the circumstances in evidence in this case Scolf was clothed with the indicia of authority to receive the purchase price, and that

the plaintiff held him out, not only as its agent to travel and solicit orders, but also to collect the purchase money.

The judgment will be affirmed.

KIRBY, J., dissents.