CASCADE CONSTRUCTION COMPANY, Respondent

v.

PERRINE, Appellant

(170 N.W.2d 886)

(File No. 10573. Opinion filed September 30, 1969)

**Overpeck, Hamblin & Mueller, Walter Mueller,** Belle Fouche, for defendant-appellant.

No appearance for plaintiff-respondent.

RENTTO, Judge.

This is an action to recover money claimed to be due under a contract. After trial to the court without a jury judgment was entered for the plaintiff in the sum of $2240. Defendant appeals.

Plaintiff corporation, headquartered at Great Falls, Montana, and authorized to do business in South Dakota, is engaged in the building and home improvement business. In getting contracts it utilizes the services of traveling representatives. Leo

Branscum, one of these, secured the job and conducted the negotiations leading to the contract with which this litigation is concerned.

The contract in question, dated July 19, 1966, between the Cascade Construction Company and Susan Perrine was executed on behalf of the plaintiff by Branscum. Under it plaintiff agreed to furnish the necessary materials, labor and workmanship to cover the exterior of the house in which defendant lived near Rapid City, South Dakota, with metal siding as specified in the contract for $2300. Defendant in turn agreed to pay this amount to plaintiff or its order, on completion of the work undertaken, at Great Falls, Montana. No down payment was required or made.

In this action plaintiff claims that it fulfilled its obligation as required by the contract, but that defendant wrongfully refused to pay it as she agreed. Her answer in substance admits that she entered into the contract as alleged and that the obligations required therein of the plaintiff have been performed, having been commenced on July 21 and completed on August 3, 1966. She does not contend that the work done or materials furnished were not as called for by the contract or in any respect defective. Nor does she claim that she paid the plaintiff as agreed in the contract.

As a further answer and affirmative defense and as an accord and satisfaction she alleges that on July 25, 1966, before the job was completed, Branscum as an official representative or agent of the plaintiff, requested payment of the contract to him in advance allowing her a 5% discount, and that he also leased from her a shed in which to store some siding at a rental of $60. She further alleges that he orally agreed with her to accept $2125, the contract price less the rental and the discount, in full payment of the contract. That pursuant to this agreement she gave him a check for $2125, payable to him, drawn on her account in a Rapid City bank. That on delivery of the check he endorsed the contract paid in full and later cashed the check. The proceeds thereof he converted to his own use: Other pleaded defenses and her counterclaim appear to have been abandoned.

The findings of fact and conclusions of law that she requested conformed to these claims of her answer and affirmative defense. The court rejected them and as requested by the plaintiff it found as follows:

## "FINDINGS OF FACT

### I.

That the Defendant, Susan Perrine, was contacted by one Leo Branscum for Cascade Construction Company.

### II.

That Cascade Construction Company furnished the contract forms to Leo Branscum.

### III.

That Susan Perrine and Cascade Construction Company entered into a contract on July 19th, 1966.

### IV.

That Cascade Construction Company furnished materials and labor pursuant to the writing which Leo Branscum subscribed his name as representative of Cascade Construction Company in the amount of $2,300.00.

### V.

That encompassed in the writing between the parties there was a provision as follows:

'NOTICE—FOR YOUR PROTECTION MAKE ALL CHECKS PAYABLE TO CASCADE CONSTRUCTION COMPANY.'

## VI.

That the Defendant, Susan Perrine, saw the writing on the contract form and that she signed the same.

## VII.

That the writing between the parties did not provide that Leo Branscum was given authority to collect money from Susan Perrine.

## VIII.

That payment was made by check made payable to Leo Branscum personally.

## IX.

That the Plaintiff, Cascade Construction Company, did not receive the proceeds of that check.

## X.

That the Defendant, Susan Perrine, did not pay by check made payable to Cascade Construction Company.

## XI.

That Cascade Construction Company did rent a storage shed from the Defendant, Susan Perrine, said rental in the amount of $60.00."

On this appeal defendant claims that these findings are not supported by the evidence. We have carefully reviewed the entire record before the trial court in this case. While the evidence is conflicting and in some instances confusing the facts to be found therefrom were for the trial court. Dolan v. Hudson, 83 S.D. 144, 156 N.W.2d 78, adhered to 159 N.W.2d 128. In SDCL 1967 15-6-52(a), formerly RCP 52(a), it is provided that: "Find-

ings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." We are not persuaded that any of these findings are clearly erroneous.

The question decisive of this appeal is whether the delivery of the described check by the defendant to Branscum and his cashing of it was payment of the amount due plaintiff under the contract. We think the trial court's conclusion that it was not is proper. SDCL 1967 59-3-4 provides:

"Every agent has actually such authority as prescribed by this title on 'agency' unless specially deprived thereof by the principal, and even then has such authority ostensibly except as to persons who have actual or constructive notice of the restriction upon his authority."

This appears to be a codification of the rule at common law. See 2 C.J.S. Agency §§ 92, 107(2); 3 Am.Jur.2d, Agency, § 107.

█ Whatever other authority Branscum had in the matter of collecting payment due under the contract, which we need not decide, clearly the contract deprived him of authority to accept in payment a check made payable to him personally. It has been held that authority to take as payment a check payable to the principal, does not authorize the agent to take, as such, a check payable to himself, even absent a specific restriction to that effect. Schaeffer Brothers and Powell Mfg. Co. v. Williams, Mo.App., 52 S.W.2d 457. Since the defendant had notice of this restriction the payment she made was ineffectual to extinguish the debt or discharge her therefrom.

█ This result may seem harsh, but the loss to defendant was made possible by her when she gave the check in question to Branscum knowing full well that in making it payable to him she was proceeding contrary to the written warning in the contract. The court is presented with such findings of the trial court supported by evidence and it has no choice in this action at law but to affirm the judgment. In argument defendant urges

that since the plaintiff did not confirm the agreement of July 19th in writing, there was no contract between plaintiff and defendant, but only one between Branscum and the defendant. This view is inconsistent with the position taken by her in her pleadings and proposed findings. Moreover, we do not construe their written contract as containing a requirement to that effect.

In arriving at the amount of its judgment the court gave defendant credit for the $60 due her as rental for the building leased from her by plaintiff through Branscum for the storage of siding.

Affirmed.

BIEGELMEIER, P. J., and ROBERTS and HOMEYER, JJ., concur.

HANSON, J., dissents.

HANSON, Judge (dissenting).

The judgment appealed from is inconsistent and the inequitable result should not be perpetuated by an affirmance. The rule which should be applied in the disposition of this case is expressed in 3 Am.Jur.2d, Agency, § 76, p. 479 as follows:

"Stated in terms of estoppel, the rule is that where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption, the principle is estopped as against such third person from denying the agent's authority; he will not be permitted to prove that the agent's authority was, in fact, less extensive than that with which he was apparently clothed. This rule has been based upon the principle that where one of two innocent parties must suffer from the wrongful act of another, the loss should fall upon the one who, by his conduct, created the circumstances which enabled

the third party to perpetrate the wrong and cause the loss." 3 Am.Jur.2d, Agency § 76, p. 479.

The inconsistency of the judgment concerns the relationship between Leo Branscum and the Cascade Construction Company. The trial court necessarily found Branscum to be a general agent in order to hold the Cascade Company liable for rental of a storage building leased by Branscum from the defendant. However, payment by defendant to this general agent is not considered payment to the principal. These conflicting conclusions cannot be reconciled.

The Casade Company authorized Branscum to negotiate contracts and furnished him with forms. These forms provided for a down payment. Obviously the negotiating agent was empowered to collect down payments. No one else could.

Branscum negotiated the contract with defendant and accepted it on behalf of the Cascade Company by signing his name in such a manner he could either be "President" or "Representative". He then supervised the work and rented a storage building from defendant. When the work was completed Branscum offered defendant a 5% reduction if she paid in full. This was not an unusual offer and defendant, in good faith, accepted it. Branscum was the only person she dealt with at any time.

The testimony of Joseph Goott, President of the Cascade Company, is in the form of a deposition. The trial court did not have the benefit of personal observation and findings of fact based on such deposition are no more binding on this court than findings based on an affidavit. The testimony of Mr. Goott is a study in evasive double-talk and self-serving declarations. It is not, in my opinion, worthy of belief.

According to the deposition of Mr. Goott, 10,000 shares of stock were issued by the Cascade Company. He owns 9,997. Although a corporation can only act through officers, agents, or employees, Goott testified the only employees of Cascade are those in the home office. Nevertheless, crews of carpenters and workmen on the various construction projects are assigned to

jobs by him and paid by the Casade Company. They had authority to collect contract payments. But according to Mr. Goott the carpenters were independent contractors. Similarly, Branscum and others like him, are referred to as "Salesmen or Contractors" who are also independent contractors. According to Goott, Branscum had no authority to accept a contract for Cascade. As he stated on page 9 of his deposition Branscum "is not representing us so he couldn't very well accept it. He would be making his own contract." He reiterated this on pages 11, 21 and 28 of his deposition. Only Mr. Goott or the Vice President could accept a contract. An acceptance of the contract by Mr. Gott or the Vice President was never made in this case. According to him the contract, in legal effect, was between Branscum as an independent contractor and defendant. The independent contractor, therefore, should have authority to collect payment for work performed by him. The Cascade Company is bound by the testimony of its President. To hold otherwise overlooks the essential element of mutuality of contract. If, according to the President of Cascade, defendant had made payment to Cascade, she would be liable to Branscum as an independent contractor. This willy-nilly mode of operation is the theme song of Cascades' operation. After the event, contracts are accepted if favorable and not accepted if unfavorable. All its agents, employes, and representatives are independent contractors so the corporation is absolved from responsibility and liability for taxes, workmen's compensation, social security, tort, and contract.

Mr. Goott further deposed that Branscum had worked for Cascade or had business dealings with the company for 12 years as a Salesman-Contractor. Although he charges Branscum with fraud in the present case he continues to do business with him. Before commencing this action Goott first tried to collect the money from Branscum and has his promise to pay. In doing so he apparently recognized the authority of Branscum to receive payment.

The warning on the contract to "make all checks payable to Cascade Co." should not be so literally applied it prohibits payment by an innocent debtor to an actual or apparent general

agent. Contrary to the trial court's finding, the defendant did not testify she read this clause of the contract. She merely testified "she might have read it." The reasoning of the Arkansas court could well be adopted and applied to the facts in this case: "It cannot be said that the clause, 'Pay no money to agents,' printed on the statement of the account sent to defendant, was notice or direction to him not to pay its agent, Scolf. The plaintiff was a corporation, and, as such, could only transact its business through agents. Hence the words could mean no more than to pay no money to agents not authorized to receive it. If Scolf had authority to collect in the first instance, his authority continued at least until he had done all that was required of him in connection with the sale. He promised to come back and show the defendant how to run the recapitulator, and did so. That he had authority to do this is not denied by the plaintiff. We hold that under all the circumstances in evidence in this case that Scolf was clothed with the indicia of authority to receive the purchase price, and that the plaintiff held him out not only as its agent to travel and solicit orders, but also to collect the purchase money." American Sales Book Co. v. Cowdrey, 100 Ark. 325, 140 S.W. 134, 38 L.R.A.,N.S., 700.